UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRISTOL-MYERS SQUIBB CO.,

Petitioner,

v.

NOVARTIS PHARMA AG,

Respondent.

Case No. 22-cv-04162

ECF Case

# PETITION UNDER THE FEDERAL ARBITRATION ACT
# TO CONFIRM FINAL ARBITRATION AWARD

Bristol–Myers Squibb (BMS) pursuant to 9 U.S.C. § 9, hereby files this application against Novartis Pharma AG ("Novartis") to confirm the Final Award entered in binding arbitration between BMS and Novartis on June 16, 2021 (the "Award"). In support thereof, BMS states as follows:

## INTRODUCTION

1. This action arises under the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1, *et seq.* and Chapter 2 thereof, 9 U.S.C. § 201 *et seq.*, which implements the 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). BMS asks the Court to confirm and enter judgment upon a final award issued by arbitrators who were duly appointed to resolve a licensing dispute between BMS and Novartis.

2. BMS brings this action to enforce the terms of the Arbitrators' final Award.

## THE PARTIES

3. Petitioner BMS is a multinational pharmaceutical company incorporated under the laws of Delaware and with its principal place of business in New York. BMS acquired Medarex, Inc. and its subsidiary GenPharm International, Inc. (together, "Medarex") in 2009.

4. Novartis Pharma AG is a multinational pharmaceutical company organized under the laws of Switzerland and with its principal place of business in Switzerland.

5. This Court has personal jurisdiction over Novartis by virtue of its agreement to participate in binding arbitration in the State of New York. *See Colavito v. Hockmeyer Equip. Corp.*, 605 F. Supp. 1482, 1485 (S.D.N.Y. 1985) (by enacting Section 9 of the Federal Arbitration Act, "Congress has manifested its intention to permit a federal court sitting in the district where the arbitration award was rendered to exert personal jurisdiction over the party opposing confirmation, wherever that party may be found"); *Summit Jet Corp. v. Meyers*, 751 N.Y.S.2d 148, 149 (2002) (collecting authorities) ("An agreement providing for arbitration of disputes in New York implies a consensual submission to the personal jurisdiction of the courts of this state to enforce it and to enter judgment on an award."). Further, jurisdiction is proper in this Court pursuant to (i) 28 U.S.C. §1331 and 9 U.S.C. § 203; and (ii) 28 U.S.C. § 1332(a)(2).

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), as there is complete diversity between BMS and Novartis and the amount in controversy between the parties exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in this District pursuant to 9 U.S.C. §§ 9 and 204, and pursuant to 28 U.S.C. § 1391, because: (i) the arbitration agreement between the parties designates that the arbitration shall take place in New York, New York, which is within this District; and (ii) Novartis

contractually agreed that the arbitration award could be confirmed in any court of competent jurisdiction.

## FACTUAL ALLEGATIONS

8. The arbitration between BMS and Novartis resolved a dispute concerning an Evaluation, Research and Commercialization Agreement dated November 6, 1998 ("the Agreement," attached as Exhibit 1) entered into by Novartis and BMS's predecessor company Medarex. The Agreement relates to Novartis's use of Medarex's patented "transgenic mice" to develop therapeutic drugs. Novartis agreed to pay Medarex (and subsequently BMS) a royalty on sales of drugs it developed using the transgenic mice.

9. The Agreement contains an arbitration clause requiring final arbitration of disputes between the parties as follows:

> Subject to Section 15.7, Medarex and Novartis agree that any dispute or controversy arising out of, in relation to, or in connection with this Agreement, or the validity, enforceability, construction, performance or breach thereof, shall be settled by binding arbitration in New York, New York, United States of America, under the then-current Rules of Commercial Arbitration of the American Arbitration Association by one (1) arbitrator appointed in accordance with such Rules. The arbitrators shall determine what discovery will be permitted, based on the principle of limiting the cost and time which the parties must expend on discovery; provided, the arbitrators shall permit such discovery as they deem necessary to achieve an equitable resolution of the dispute. The decision and/or award rendered by the arbitrator shall be written, final and non-appealable and may be entered in any court of competent jurisdiction.

(Ex. 1 at § 12.)

10. In February 2019, Novartis began paying under protest royalties on two drugs developed using the transgenic mice. Novartis claimed the royalties were compensation for a license to expired patents and were thus unenforceable under *Brulotte v. Thys Co.*, 379 U.S. 29 (1964) and *Kimble v. Marvel Entertainment*, 576 U.S. 446, 453-54 (2015).

11. Novartis filed a demand for arbitration to resolve the royalty dispute on March 19, 2019.

12. On April 8, 2019, BMS and Novartis agreed to amend the Agreement to provide for a resolution of their dispute by a panel of three neutral and independent arbitrators instead of a sole arbitrator.

13. BMS filed an answer to Novartis's arbitration demand on May 3, 2019. The answer stated *Brulotte* or *Kimble* were inapplicable.

14. The parties reached agreement on a three-judge panel ("the Panel") for the arbitration in September 2019.

15. After the conclusion of discovery, BMS filed a motion for summary determination on October 23, 2020. Novartis filed an opposition and cross-motion for summary determination on November 20, 2020. BMS filed its opposition to Novartis's cross-motion on December 9, 2020.

16. The Panel held a four-day hearing on the parties' motions via Zoom the week of January 11, 2020. The Panel heard testimony from two fact witnesses and four expert witnesses.

17. At the conclusion of the hearing, the Panel ordered the parties to file post-hearing briefs on February 16, 2021 and responses on March 9, 2021.

18. The Panel heard summations via Zoom on March 30, 2021.

19. On April 16, 2021, after receiving the transcript from the closing arguments, the Panel deemed the evidentiary record closed.

20. The Panel entered a Final Award on June 16, 2021. The Panel concluded that the Agreement read in its entirety (1) does not implicate the Brulotte/Kimble; and (2) does not run afoul of Brulotte/Kimble in substance. (Award at 28.) Accordingly, the Panel denied Novartis's affirmative claims and requests for relief. (*Id*.)

21. Novartis has stated that it will file the Final Award with the Court within three days of this petition.

22. The Final Award has not been vacated, modified, or corrected.

23. The FAA provides that an arbitration award is to be confirmed unless the opposing party establishes a basis for vacating or modifying the award, and a party seeking to vacate an arbitration award bears a substantial burden. Arbitration awards are subject to an "extremely deferential standard of review." *Landau v. Eisenberg*, 922 F.3d 495, 498 (2d Cir. 2019). This is "to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Rich v. Spartis*, 516 F.3d 75, 81 (2d Cir. 2008). The FAA thus creates a "strong presumption in favor of enforcing arbitration awards" and courts have an "extremely limited" role in reviewing such awards. *Wall Street Assocs., L.P. v. Becker Paribas Inc.*, 27 F.3d 845, 849 (2d Cir. 1994). As such, an arbitration award "should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." *Landy Michaels Realty Corp. v. Local 32B-32J Serv. Employees Int'l*, 954 F.2d 794, 797 (2d Cir. 1992).

24. No basis exists for vacating, modifying, correcting, or declining to confirm the Final Award.

25. Novartis has informed BMS that it does not object to the relief BMS requests in its petition.

26. This Motion is brought within one year after the Final Award was made.

27. Pursuant to Sections 9 and 13 of the FAA, 9 U.S.C. §§ 9 and 13, and pursuant to Section 207 of the Convention, 9 U.S.C. § 207, BMS is entitled to confirmation of the Final Award and judgment thereon.

**WHEREFORE**, BMS respectfully requests that this Court enter an Order

(a) confirming the Final Award of the Panel; and

(b) directing entry of judgment against Novartis per the Award; and for any such other further relief as this Court deems just and proper.

Dated: New York, New York
May 20, 2022

/s/ *Lamina Bowen*

Lamina Bowen
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
lamina.bowen@kirkland.com

Brenton Rogers, P.C. (*pro hac vice forthcoming*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60657
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
brogers@kirkland.com