USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/23/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRISTOL-MYERS SQUIBB CO.,

Petitioner,

*v.*

NOVARTIS PHARMA AG,

Respondent.

No. 22-cv-04162 (CM)

**MEMORANDUM DECISION AND ORDER DENYING RESPONDENT'S MOTION FOR RECONSIDERATION**

McMahon, J.:

Respondent Novartis Pharma AG ("Novartis") filed a motion for reconsideration of this Court's decision and order denying Novartis' motion to seal the final arbitration award. (Dkt. No. 14).[1] Novartis submits that reconsideration is warranted because "the Order appears to be premised, at least in part, on the notion that Novartis caused this proceeding to exist by declining to honor the underlying arbitral award" but that "the exact opposite is true . . ." (*Id.* at 1). Novartis submits additional factual background on the circumstances giving rise to the present confirmation action and requests that the Court consider – to the extent that it is relevant to the Court's determination on Novartis' motion to seal – that Novartis "has never contested or failed to comply with the arbitration award" and that "It is BMS that insisted on initiating these proceedings." (*Id*).

[1] Under Rule V(E)(5) of my Individual Practices and Procedures, I review motions for reconsideration when they arrive and decide whether a response is required. In this case, the motion can be denied *sua sponte* and no responsive papers are required.

Reconsideration is only appropriate where there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*

Novartis has not even tried to establish that there has been an intervening change of controlling law (there has not been) or argued that the Court clearly erred in applying what is in fact well-settled law relating to the sealing of judicial records. Nor has Novartis offered any new (which is to say, previously unknown and unavailable) and relevant evidence – "relevance" being limited to evidence tending to show that specific aspects of the award do in fact qualify as a trade secrets or proprietary information.

What Novartis essentially argues is that sealing is necessary to prevent a manifest injustice – that injustice being that the Court believed that Novartis was not complying with the Award, which forced BMS to come to Court of obtain an enforceable order. But the decision denying the motion to seal was not premised on any such finding or understanding. Indeed, while the decision discusses non-compliance with an award as one example of why a party to a private arbitration might bring its dispute to a forum where the same degree of privacy is not possible, the Court was careful to say, "*I do not know whether this is the reason BMS has sought confirmation of its award against Novartis almost a year after the award was handed down*, but logic suggests that it well

may be." (Dkt. No. 13 at 8) (emphasis added). So it is quite obvious that the Court's decision was not dictated by any finding or understanding that Novartis was not complying with the award – an issue as to which I admitted lack of knowledge. It was, rather, dictated by my view of the law (which Novartis does not challenge) and by Novartis' failure to offer any convincing rationale for why the information it sought to seal – information that included a discussion of Supreme Court jurisprudence and the names of witnesses who testified at the arbitration proceeding – qualified as a trade secret or proprietary information.

Frankly, it does not matter *why* BMS chose to come to Court seeking an enforcement order; it only matters that BMS *did* come to Court, where there is a presumption of access to everything that is on file in connection with the parties' dispute, their confidentiality agreement notwithstanding. That presumption has not been rebutted, except to the limited extent described in the Court's original opinion. (*See* Dkt. No. 13 at 9-12). So even if I knew to a substantial certainty that Novartis was fully compliant with the award,[2] the result and the reasoning behind the decision not to seal would not change.

Novartis' motion for reconsideration is denied. The clerk is respectfully directed to close the open motion at Docket Number 14.

Novartis' alternative request to redact the royalty information from pages 16, 20, 22-23, 25-26 and 28 of the award, along with information about sales amounts, is granted. (*See* Dkt. No. 13 at 11-12). If and when the final award is filed, the parties are directed to file it with these limited

---

[2] In the papers filed in support of the motion for reconsideration, Novartis insists that it is in full compliance with the award. While it offers no admissible evidence to support that assertion, it may well be true – although BMS may disagree with its position and Novartis admits that some dispute between them has thus far not been resolved privately. (Dkt. No. 14, at 3-4). In any event, whether true or not, Novartis' compliance with the award is ultimately irrelevant, since the law gives the prevailing party to an arbitration the absolute right to bring suit in a court of law to obtain a judgment on the award.

redactions and to redact the same information in any papers filed on the docket. The Court is to be provided with *unredacted* courtesy copies in all instances.

This is the opinion and order of the Court. It is a written opinion.

Dated: June 23, 2022

U.S.D.J.

BY ECF TO ALL COUNSEL